IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

James Martinson                         )
                                        )
                Plaintiff,              )
                                        )
        vs.                             )    Civil No. 2:04-cv-077
                                        )
                                        )
Department of Interior,                 )
Bureau of Indian Affairs,               )
Bureau of Land Management,              )
Department of Agriculture,              )
United States Forest Service,           )
                                        )
                Defendants.             )

## OPINION AND ORDER

### I.   Introduction

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendants move for summary judgment on the plaintiff's claim.  The plaintiff resists the Motion.  As articulated below, the defendants' Motion for Summary Judgment (doc. #37) is **GRANTED**.

### II.  Facts and Procedural Background

On June 29, 2004, the plaintiff, James Martinson, filed an action, pro se, on behalf of himself, Louis Delorme (deceased), Jane Zaste Delorme (deceased), Maxine Delorme Martinson Twamley, Gail M. Martinson, Jackie J. Twamley, David J. Twamley, and Kristi L. Twamley against the United States (doc. #1).  The underlying claim is an appeal of decisions by administrative

1

agencies concerning Indian Land Allotment claims of Louis and Jane Delorme.

On January 5, 2005, the Court ordered a 60-day Stay of Proceedings for all plaintiffs except James Martinson to seek counsel before continuing with a scheduling conference or other pretrial matters (doc. #12).  The Court granted an additional 20-day Stay on March 14, 2005, in response to the plaintiff's Motion for an Additional Stay of Proceedings (doc #16).  On March 24, 2005, Attorney Reed A. Soderstrom filed Notice of Appearance as attorney for all named plaintiffs with the exception of James Martinson, who continued to represent himself pro se (doc. #18).

On July 11, 2005, plaintiff James Martinson filed a Motion to Amend his original Complaint to include an additional claim that he, as a direct descendant of Joseph Delorme Sr., is entitled to an Indian Land Allotment (doc. #31).

On July 19, 2005, the Court dismissed the Complaint filed by Maxine Delorme Martinson Twamley, Gail M. Martinson, Jackie J. Twamley, David J. Twamley, and Kristi L. Twamley without prejudice and without costs (doc. #34), leaving as named plaintiffs the deceased Louis and Jane Delorme, represented by Attorney Reed Soderstrom, and James Martinson representing himself pro se.

On October 11, 2005, the defendants filed a Motion for Summary Judgment as a matter of law (doc. #37).  On this same

2

day, Attorney Reed Soderstrom filed a Motion to Withdraw as

Attorney for deceased plaintiffs Louis and Jane Delorme (doc.

#38). In response to Attorney Soderstrom's Motion, the Court

granted plaintiff Martinson 30 days to seek potential appointment

as executor of the estates of deceased plaintiffs Louis and Jane

Delorme, and granted deceased plaintiffs Louis and Jane Delorme a

30 day extension to respond to the pending Motion for Summary

Judgment (doc. #45).  The Court further requested that Attorney

Soderstrom seek additional information regarding the identity of

Louis and Jane Delorme's personal representative(s).  On January

18, 2006, plaintiff Martinson filed a Motion to Withdraw deceased

plaintiffs Louis and Jane Delorme from the claim (doc. #60).

     On February 9, 2006, the Court granted Attorney Soderstrom's

Motion to Withdraw as counsel and denied plaintiff Martinson's

Motion to Withdraw plaintiffs Louis and Jane Delorme (doc. #63).

The Court also ordered an additional 20 days for Louis and Jane

Delorme's personal representative(s) to find legal counsel, at

which time if counsel did not appear, the claims of Louis and

Jane Delorme would be dismissed (doc. #63).

     On this same day, the Court denied plaintiff Martinson's

Motion to Amend his Complaint to add additional claims, but

directed the Clerk of Court to file Martinson's proposed amended

Complaint with his original Complaint for explanatory purposes

(doc. #64).  Plaintiff Martinson then filed a Motion for

Reconsideration to add additional claims, which the Court denied (doc. #68).

On March 27, 2006, the Court dismissed deceased plaintiffs Louis Delorme and Jane Delorme from this action because no counsel appeared on behalf of their estates within the allowed 20 days (doc. #69).  Accordingly, only the claims of pro se James Martinson remain.

## III. Discussion

### A.    Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A fact is "material" if it might affect the outcome of a case, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Churchill Bus. Credit, Inc. v. Pacific Mut. Door Co., 49 F.3d 1334, 1336 (8th Cir. 1995).

All evidence and inferences are to be viewed in a light most favorable to the nonmoving party. Liberty Lobby, Inc., 477 U.S. at 255. The moving party bears the initial responsibility to demonstrate the absence of any genuine issue of material fact and

entitlement to judgment as a matter of law. <u>Celotex Corp. v.</u>

<u>Catrett</u>, 477 U.S. 317, 323 (1986). To defeat summary judgment,

the nonmoving party must go beyond the pleadings and designate

specific facts showing a genuine issue of material fact for

trial. <u>Id.</u> at 324. Thus, the "basic inquiry" for purposes of

summary judgment is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so

one sided that one party must prevail as a matter of law." <u>Quick</u>

<u>v. Donaldson Co., Inc.</u>, 90 F.3d 1372, 1376 (8th Cir. 1996)(citing

<u>Anderson</u>, 477 U.S. at 251-52 (1986)).  With this standard in

mind, the Court begins its analysis.

    B.    <u>Lack of Standing</u>

    The defendants argue that the current claim of James

Martinson is not included in the present Complaint and is

therefore subject to dismissal as a matter of law for lack of

justiciability.  The Court agrees.

    Before a federal court can consider the merits of a legal

claim, the person seeking to invoke the jurisdiction of the Court

must establish the requisite standing to sue as an aspect of

justiciability.  <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154 (1990).

"Article III [of the United States Constitution] gives the

federal courts jurisdiction over only 'cases and controversies'

and the doctrine of standing serves to identify those disputes

which are appropriately resolved through the judicial process."

Id. at 154-55.  "The Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally."  Warth v. Seldin, 422 U.S. 490, 499 (1975) (emphasis added).

Therefore, to establish an Article III case or controversy, the plaintiff must first show that he has suffered an injury-in-fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Second, there must be a causal connection between the injury and conduct complained of. Id.  Third, it must be "likely", as opposed to merely "speculative," that the injury will be redressed by a favorable decision.  Id. at 561.  "The Party invoking federal jurisdiction bears the burden of establishing these elements."  Id.

Furthermore, apart from these constitutional minimums, the Court has recognized other prudential limits on the class of persons who may invoke the courts' powers, one of which includes that the plaintiff generally must assert his own legal rights and interests. Warth, 422 U.S. at 499.  That is, "the plaintiff cannot rest his claim to relief on the legal rights or interests of third parties." Id.

Here, it is important to note that the Court denied plaintiff's Motion to Amend the original Complaint to add

additional claims in respect to his own Indian Land Allotments

(doc. #64, 68).   Secondly, Louis and Jane Delorme's claim in the

original Complaint has been dismissed because no counsel appeared

on behalf of their estates within the allowed 20 days (doc. #69).

Therefore, the only claim currently being asserted by the

plaintiff is the original claim filed on June 29, 2004 in regard

to Louis and Jane Delorme's Indian Land Allotments (doc. #1).

The plaintiff, by his own admission, states that the

original Complaint contains claims on behalf of Louis and Jane

Delorme and contains no claims of his own. See Pl.'s Mot. to

Withdraw (doc. #60); Martinson Dep. p. 20, 34.   The plaintiff

further states that his claims are those stated in his Motion to

Amend to add additional claims, which as stated, has been denied.

Id.   Accordingly, plaintiff Martinson does not have standing

because the first element of having suffered a particularized

injury-in-fact that is personal and individual to him is not met

because the claim at hand relates only to potential injuries

suffered by Louis and Jane Delorme. See Lujan, 504 U.S. at 561

n.1 (defining "particularized injury-in-fact" as one that affects

the plaintiff in a personal and individual way).   Furthermore,

the Court's limit on the class of persons who may bring suit

disallows plaintiff Martinson from asserting the rights of Louis

and Jane Delorme. See Warth, 422 U.S. at 499 (stating that the

plaintiff cannot rest his claim to relief on the legal rights or

interests of third parties).

## IV. Conclusion

The face of the Complaint and the plaintiff's own admissions show that the claim at hand does not contain any potential injuries suffered by plaintiff Martinson.  Rather, the claim relates only to potential injuries suffered by Louis and Jane Delorme, whose claims have since been dismissed (doc. #64, 68). Accordingly, the defendants' Motion for Summary Judgment (doc. #37) is **GRANTED** due to lack of standing.  All other pending motions are **DENIED AS MOOT.**


**IT IS SO ORDERED**, this 2nd day of June, 2006.


RODNEY S. WEBB  District Judge
United States District Court